# IN THE COURT OF APPEALS OF IOWA

No. 19-1867
Filed April 1, 2020

**IN THE INTEREST OF C.S., N.E., A.A., and N.J.,**
**Minor Children,**

**L.M.J., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Stephanie Forker Parry, District Associate Judge.

A mother appeals the termination of her parental rights to four children. **AFFIRMED.**

John S. Moeller of John S. Moeller, P.C., Sioux City, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Joseph W. Kertels of Juvenile Law Center, Sioux City, attorney and guardian ad litem for minor children.

Considered by Mullins, P.J., Ahlers, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**MAHAN, Senior Judge.**

A mother appeals the termination of her parental rights to four children, born in 2006, 2010, 2014, and 2017.[1]  She contends the State failed to prove the grounds for termination cited by the juvenile court.  We affirm.

**I.      *Background Facts and Proceedings***

This family most recently came to the attention of the department of human services in September 2017,[2] when the mother gave birth to N.J., who tested positive for methamphetamine.  The children were adjudicated in need of assistance but remained in the mother's care.  The court ordered the mother to participate in substance-abuse treatment, random drug testing, and family safety, risk, and permanency services.  The court also ordered the mother to "address all outstanding warrants."

A dispositional hearing took place in December 2017.  The mother did not appear.  The court received reports of the mother's dishonesty with service providers, failure to engage in services, and failure to properly care for the children.  The department and guardian ad litem recommended the children be removed from the mother's care.  The court ordered custody of the children with the department for placement in foster care.

The mother obtained a substance-abuse evaluation in January 2018.  She tested positive for methamphetamine and amphetamines.  The mother entered the

---

[1] The parental rights of children's known and putative fathers were also terminated. They do not appeal.

[2] The department has been involved with this family "off and on since 2006," shortly after C.S.'s birth, due to the mother's recurrent methamphetamine use, abuse in the home, and safety concerns.

Women & Children's Shelter, and the court ordered a trial home placement of the children with the mother. Despite the State's motion to terminate that placement, the court maintained it "so long as [the mother] remained in that facility." The court ordered the mother to participate in family treatment court. Unfortunately, in April, the mother was hospitalized due to a miscarriage, and her placement at the shelter was discontinued. The juvenile court's May 2018 dispositional review order observed the mother had "made progress on her treatment goals" and she was engaging in services and cooperating with providers. The court ordered the children to remain in a trial home placement with the mother in the family home.

The mother's progress was short-lived. She was soon released from family treatment court "due to her noncompliance." The mother was arrested for driving while barred as a habitual offender. She was also ordered to serve jail sentences for failure to pay child support and driving offenses. Following a December 2018 dispositional review hearing, the mother was taken into custody due to outstanding warrants and her failure to appear. The children were placed in foster care.

The mother received a psychological evaluation in January 2019, which recommended that she participate in therapy. The mother obtained a substance-abuse evaluation in February, which recommended that she participate in extensive outpatient treatment. The mother did not follow through with mental-health or substance-abuse treatment. She also failed to participate in the urinalysis (UA) call-in program as directed.

In March, the mother was arrested for driving while barred, and she pled guilty. She was to be released from jail in April. The court's April 2019 dispositional

review order noted the mother "has not engaged in the services recommended." The State filed a petition to terminate the mother's parental rights that same month.

The termination hearing was held in September. The mother was not present. The court received evidence that since her release from jail in April, the mother had missed "at least" twelve drug tests. The mother tested positive for methamphetamine in May, but she denied any drug use. The department caseworker further testified the mother had been discharged from substance-abuse and mental-health treatment for failure to attend. The in-home support worker testified the mother had been inconsistent with visitation and the oldest child was refusing to attend visits. Caseworkers and the guardian ad litem recommended termination of the mother's parental rights.

Following the termination hearing, the court entered its order terminating the mother's parental rights pursuant to Iowa Code section 232.116(1)(f) (2019) (concerning C.S., N.E., and A.A.), (h) (concerning N.J.), and (*l*) (concerning all children). The mother appeals.

## II.      *Standard of Review*

Appellate review of termination-of-parental-rights proceedings is de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the best interests of the children, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the children's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

## III.      *Discussion*

The mother challenges the sufficiency of the evidence supporting the grounds for termination cited by the juvenile court. We may affirm if we find clear

and convincing evidence to support any of the statutory provisions.  *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).  We will focus on Iowa Code section 232.116(1)(f) and (h), which require proof of several elements including proof the children could not be returned to the mother's custody.

At the time of the termination hearing, the oldest child, who was thirteen years old, had been removed and adjudicated in need of assistance four separate times since his birth due in part to the mother's methamphetamine use.  The juvenile court found, "Despite services offered/provided over the past decade, [the mother] has been unable or unwilling to stabilize her lifestyle."  The court further found:

> [The mother] has a severe substance-related disorder and presents a danger to herself or others as evidenced by prior acts.  She has not been actively involved in substance-abuse treatment.  She tested positive for methamphetamine use in May 2019 and there is no evidence she has ceased her use.  She has refused UA's and has not been consistent or honest in treatment.  [The mother] was discharged from services . . . in late-August due to her lack of attendance.  She was involved in their co-morbidity sessions, which addressed both her mental health and chemical dependency.  The sessions were a combination of individual and group sessions.  [The mother] has never remained clean and sober over the past decade despite the numerous treatment programs she was encouraged to attend.  There is clear and convincing evidence that [the mother]'s prognosis indicates that the children will not be able to be returned to [the mother]'s custody within a reasonable period of time considering the children's ages and need for a permanent home.

We concur in the court's finding that the children could not be returned to the mother's custody at the time of the termination hearing.  Iowa Code section 232.116(1)(f) and (h) were satisfied.

The mother also challenges the services provided and claims she demonstrated an ability to fully engage in services.  To the contrary, the record

shows the mother was "not attending appointments, treatment, or visits with her children on a regular basis." The court bluntly observed the mother "did not appear for this hearing—a hearing to determine the future of her relationship with her children." Meanwhile, the children had been placed in the same foster home since May 2019. The children were "settling into" that home, and caseworkers reported the children felt safe, comfortable, and happy there. The foster parents testified to their willingness and desire to permanently integrate the children into their family should parental rights be terminated. *See* Iowa Code § 232.116(2)(b). The guardian ad litem opined the children needed permanency, stating the mother "had more than ample time to prove that she can parent and she's not able to."

We conclude termination is in the children's best interests, and we affirm the decision of the juvenile court to terminate the mother's parental rights.

**AFFIRMED.**